UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM O. LANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16 CV 1369 SNLJ (ACL) |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of William O. Lane for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

### I. Procedural History

Lane is incarcerated at the Southeast Correctional Center ("SECC") in Charleston, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of Randolph County, Missouri. (Doc. 12-1 at 129-30.)

After a jury trial, Lane was found guilty of first degree child molestation and incest. *Id.* at 236-37. The court sentenced him to life imprisonment for the child molestation charge and a concurrent seven-year term of imprisonment for the incest charge. *Id.*

Lane raised four points on direct appeal of his convictions. (Doc. 9-1.) In his first two points, Lane argued that the trial court plainly erred in admitting hearsay statements of the victim. In his third point, he argued that the trial court erred in overruling his motion for judgment of acquittal and sentencing him for incest because the evidence was insufficient to support this conviction. In his final point, Lane argued that the trial court erred in refusing to submit

instructions to the jury delineating specific dates on which the offenses occurred. On March 18, 2014, the Missouri Court of Appeals affirmed the judgment of the trial court. (Doc. 9-3.)

Lane filed a *pro se* motion for post-conviction relief under Rule 29.15. (Doc. 12-4 at 6-13.) After appointment of counsel, an amended post-conviction relief motion was filed. *Id.* at 14-21. In his amended motion, Lane argued that he received ineffective assistance of counsel in that sentencing counsel failed to object to the court sentencing him to seven years on the incest charge on the basis that the sentence was outside the range of punishment for the offense. Lane also argued that trial counsel was ineffective for failing to move to strike all extrajudicial statements attributed to the victim. The State conceded that Lane was sentenced in excess of the allowable range of punishment for the incest charge. The motion court granted relief as to Lane's first claim, finding Lane was entitled to be resentenced with a range of punishment of 2 to 4 years for the incest charge. (Doc. 12-4 at 34.) The court denied relief as to Lane's second claim. *Id.* at 37.

In his appeal from the denial of post-conviction relief, Lane argued that counsel was ineffective in failing to object to the victim's out of court statements. (Doc. 12-2.) The Missouri Court of Appeals affirmed the decision of the motion court. (Doc. 9-6.)

Lane filed his Petition on May 23, 2016, in which he raises five grounds for relief: (1) he is actually innocent; (2) the trial court erred in allowing the State to file an amended information; (3) the venire was tainted by comments from two prospective jurors; (4) his right to confrontation was violated because the victim did not testify at trial; and (5) his confession was coerced and counsel was ineffective for failing to object to its admission. (Doc. 1.)

On October 6, 2016, Respondent filed a Response to Order to Show Cause. (Doc. 9.) Respondent argues that Lane's first ground for relief is non-cognizable; his second, third, and fifth grounds for relief are procedurally defaulted; and all of his claims are meritless. Lane filed

a Traverse on December 27, 2016, in which he provides further argument in support of his claims.  (Doc. 15.)

## II. Facts[1]

In the fall of 2010, the victim, a young relative of Lane's, stayed the night with Lane's wife while Lane was on the road truck driving.  Lane returned home in the middle of the night.  While the victim lay on the couch, Lane positioned himself behind the victim on the couch, pulled the victim's underwear down, and rubbed his penis in the victim's buttocks until he ejaculated.  Some of the seminal fluid got on the victim's underwear and near the genitalia.  The victim got up, changed clothes, and got in bed with Mrs. Lane.

Sometime later, the victim was taken to a doctor to treat a genital injury.  The doctor cautioned the victim that it was not okay for a man to look at the victim's private areas without the victim's parents present.  On the way home from the doctor's office, the victim reported that Lane had touched the victim's private areas with his private area.  Upon hearing that, the parents called a help hotline, and then reported the incident to the police.

A few days later, Ms. Lynne Dresner, a licensed clinical social worker, interviewed the victim to obtain the victim's account of the police investigation.  The forensic interview was recorded on DVD and was observed by Detective Anthony Bowne, the lead detective in the case.  The victim was later placed in counseling with Ms. Dana Carter.  The police then questioned Mr. and Mrs. Lane.

After Sergeant Kenneth Schulte interviewed him, Lane wrote a statement admitting that he "rubbed [his] penis against the backside of [the victim] until ejaculation was achieved."

---

[1]  The Court's recitation of the facts is taken from the decision of the Missouri Court of Appeals on direct appeal.  (Doc. 9-3 at 1-2.)

3

At a pretrial hearing, the trial court heard testimony from the victim's parents, Detective Bowne, Ms. Carter, Ms. Dresner, and Mrs. Lane to determine whether the victim's statements about the incident should be adduced at trial from the victim's mother, Ms. Dresner, and the DVD of the forensic interview, pursuant to § 491.075. At the conclusion of the evidence, the trial court did not make a ruling on the reliability of the statements or the victim's unavailability. Prior to trial, Lane notified the State of his alibi for the offense, relying on a possible date provided by the victim to Ms. Carter during a counseling session.

The victim did not testify at trial. The victim's mother and Ms. Dresner provided the victim's statements to the jury. Additionally, the court admitted the DVD of the forensic interview into evidence and played it for the jury. The court also admitted the anatomical figures used during the interview that indicated the child's terminology for her body parts and showed where she was touched. Sergeant Schulte testified to Lane's confession of the incident, and Lane's written statement was admitted into evidence.

### III.  Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

4

The Supreme Court construed § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.*

### IV.  Petitioner's Claims

**1.  Ground 1**

In his first ground for relief, Lane argues that he is actually innocent of the crimes for which he was convicted. He further argues that trial counsel and post-conviction relief counsel were ineffective for failing to raise this claim.

The United States Supreme Court has not recognized free-standing claims of "actual innocence" as constitutional grounds for review in a federal habeas proceeding. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence"); *Herrera v. Collins,* 506 U.S. 390, 400, 404 (1993) (noting that "[c]laims of actual innocence based on newly discovered

5

evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding"; stating that the "body of [the Supreme Court's] habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim"; and concluding that the petitioner was not entitled relief because he claimed he was "entitled to habeas relief because newly discovered evidence show[ed] that his conviction [wa]s factually incorrect."); *accord Burton v. Dormire,* 295 F.3d 839, 848 (8th Cir. 2002) ("we have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent.... [T]hus [the petitioner]'s claim of innocence does not entitle him to a writ."); *cf. Schlup v. Delo,* 513 U.S. 298, 315 (1995) (distinguishing *Herrera* upon concluding that the petitioner's claim was not itself a constitutional claim of innocence barred by *Herrera* but a gateway claim of actual innocence to obtain consideration of the merits of an otherwise barred claim). A free-standing claim of innocence, the Eighth Circuit has expressly concluded, is not cognizable in a federal habeas proceeding. *Meadows v. Delo,* 99 F.3d 280, 283 (8th Cir. 1996). Lane's claim in Ground 1 is a free-standing actual innocence claim that is not cognizable in this habeas proceeding.

In *Schlup,* the Supreme Court recognized that a habeas petitioner could present a claim of actual innocence as a "gateway" to resurrecting procedurally defaulted claims of constitutional error which occurred in the underlying trial, but "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324. Petitioners asserting innocence as a gateway to defaulted claims must establish that in light of new evidence, "it is more likely than not that no reasonable juror

6

would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

The Supreme Court explained in *House v. Bell* that "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case... At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence." 547 U.S. 518 at 538 (2006) (citations omitted).

Here, Lane has not made a showing of actual innocence, either as a freestanding claim or as a gateway to excuse any procedurally defaulted grounds for relief. Lane cites no new evidence establishing his innocence but simply proclaims his innocence. Lane's counsel was not ineffective in failing to raise a meritless claim.

Accordingly, the undersigned recommends that Ground 1 be denied.

**2.    Ground 2**

In his second ground for relief, Lane argues that the trial court erred in allowing the State to amend the information charging him. He further argues that trial counsel was ineffective in failing to object to the Amended Information.

Respondent contends that this claim is procedurally defaulted because Lane failed to raise it on direct appeal or in his motion for post-conviction relief. Respondent also argues that the claim lacks merit.

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) and *Anderson v. Groose*, 106 F.3d

7

242, 245 (8th Cir. 1997)).  Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition.  *Wemark*, 322 F.3d at 1021 (internal quotation marks omitted) (quoting *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996)).  Claims that are not fairly presented to the state courts are procedurally defaulted.  *See id.* at 1022.

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both 'cause' and 'actual prejudice' resulting from the alleged constitutional violations.  *See Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).  A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default.  *Murray v. Carrier,* 477 U.S. 478, 488 (1986).  "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a showing that interference by officials made compliance impracticable.  *Id.*  If a petitioner cannot show "cause" for the procedural default, then the court need not determine whether actual prejudice has resulted.  *See Leggins v. Lockhart,* 822 F.2d 764, 768 (8th Cir. 1987).

To invoke the alternative miscarriage of justice exception to the procedural default rule, a petitioner must present new evidence affirmatively demonstrating that he is innocent of the crime for which he was convicted.  *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006).  "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas

8

court to reach the merits of a barred claim.'"  *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup*, 513 U.S. at 316).

In this case, Lane admits that he did not raise the claims contained in Ground 2 in his direct appeal or during the post-conviction proceedings.   Lane argues that his procedural default can be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012).   In *Martinez*, the United States Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315.   To meet this narrow exception for establishing cause, Lane must demonstrate that post-conviction counsel was ineffective under the standards of *Strickland.*   Therefore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  *Id.* at 1318.

Lane's underlying ineffective assistance of trial counsel claim asserted in Ground 2 does not have "some merit" as required by *Martinez.*   The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense."  *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014).   To show deficient performance, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.

9

"Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citations omitted).   To show prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Id.* at 694.

At the close of the State's case, the trial court granted the State's motion, over Lane's objection, to amend the Information to change the dates the crimes occurred.   (Doc. 12-5 at 122-24.)   The date was changed from a date in October 2010 to a date "on or about August 13, 2010, through November 30, 2010."   *Id.* at 124.   Defense counsel renewed his objection.   *Id.*

Because the record shows that defense counsel did, in fact, object to the State's motion to amend the information, Lane's claim that counsel was ineffective for failing to object lacks merit. Lane has not, therefore, established cause to avoid the procedural bar preventing consideration of the merits of this claim.   Because no cause has been established for this claim, the undersigned will not consider whether Lane has demonstrated prejudice.

Lane's procedurally defaulted claim that the trial court erred in allowing the State to amend the Information also lacks merit.   Under Missouri law, the prosecution is entitled to amend a charge any time before verdict if no additional or different offense is charged and the defendant's substantial rights are not prejudiced.   Mo. Sup. Ct. R. 23.08.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.   In conducting habeas review, a federal court is limited to deciding

10

whether a conviction violated the Constitution, laws, or treaties of the United States." *Watts v. Gammon,* 2006 WL 744388 at *4 (E.D. Mo. Mar. 17, 2006) (internal quotations and citations omitted). This Court thus considers only whether the claim of error raised in Ground 2 deprived Lane of his due process right to a fair trial. *Dickson v. Nixon,* 2007 WL 2159447 at *7 (E.D. Mo. Jul 25, 2007).

Lane fails to make such a showing with respect to Ground 2 of his petition. In light of the evidence presented against Lane, he cannot establish prejudice from the amendment of the dates on the Information.

Accordingly, the undersigned recommends that Ground 2 be denied.

**3.    Ground 3**

In his third ground for relief, Lane argues that the venire was tainted when two prospective jurors stood up and stated Lane was guilty.

As Respondent points out, Lane procedurally defaulted this claim by failing to raise it in the state court proceedings. This claim also lacks merit, as the record fails to support Lane's allegation that this incident occurred. (Doc. 12-5 at 72-93.)

Accordingly, the undersigned recommends that Ground 3 be denied.

**4.    Ground 4**

In his fourth ground for relief, Lane argues that his right to confrontation was violated because the victim did not testify at trial.

Lane raised a variation of this claim in his post-conviction relief motion, when he argued that trial counsel was ineffective in failing to object to the victim's out-of-court statements and

11

failed to require the victim to testify. The Missouri Court of Appeals held as follows, in relevant part:

> Mr. Lane is correct that a defendant generally has the constitutional right to confront witnesses against him. *State v. Sauerby*, 447 S.W.3d 780, 784 (Mo. App. W.D. 2014). That this is a constitutional right does not, however, make its waiver unreasonable. Cross-examination of the State's witness is a strategic decision made at the defendant's election. *State v. Driscoll*, 55 S.W.3d 350, 355 (Mo. banc 2001). Thus, a defendant has the right to waive confrontation of a witness. *Id.* (citing *Diaz v. United States*, 223 U.S. 442, 451 (1912)).
> In this case, the record shows that trial counsel's decision not to object to the victim's extrajudicial statements was strategic. Because the victim's extrajudicial statements were unquestionably hearsay, the State was prepared to call the victim to testify if trial counsel intended to object to her out-of-court statements. Trial counsel did not object to the videotaped statements because she believed that excluding the victim's live testimony was a better trial strategy. Trial counsel felt that the victim's "live testimony would be much more compelling to a jury than a video of testimony," and felt that she had another way to more effectively minimize the video testimony's impact than by cross-examining a six-year-old in court. Trial counsel discussed the decision to allow the State to rest without calling the victim as a witness with Mr. Lane and he had no objection.

(Doc. 9-6 at 6-7.)

The undersigned finds that the decision of the Missouri State court did not involve an unreasonable application of clearly established federal law. Defendants can waive their constitutional rights, including the right to confront the witnesses against them as protected by the Sixth Amendment. *United States v. Holmes*, 620 F.3d 836, 842 (8th Cir. 2010). Counsel can waive a defendant's right to confrontation as long as the decision is made for tactical reasons and the defendant is aware of the waiver and does not object. *Id.* at 843.

In this case, the Missouri Court of Appeals found that the trial court did not err in admitting the statements of the victim through the victim's mother and the DVD of the forensic examination because Lane waived his right to confrontation of the victim. Lane's counsel did not simply fail to object to the admission of this evidence but, rather, affirmatively stated that he had no objection

12

to this evidence. (Doc. 12-5 at 112, 113, 114, 115.) Counsel testified in the post-conviction proceedings that she did not object because she believed excluding the victim's live testimony was a better strategy than cross-examining a six-year-old. (Doc. 9-6 at 7.) Lane instead presented an alibi defense for the specific weekend the victim claimed in her statements that the crimes occurred. When viewed in consideration of all the evidence, the admission of the statements did not rise to the level of a specific constitutional violation or amount to a denial of due process.

Accordingly, the undersigned recommends that Ground 4 be denied.

**5.     Ground 5**

In his fifth ground for relief, Lane argues that he was coerced into giving a false confession. Respondent contends that Lane procedurally defaulted this claim by failing to raise it in state court.

In his Traverse, Lane explains that he was under severe duress when he provided his confession. (Doc. 15 at 16.) He states that he feared losing his job so he told the highway patrolman what he "wanted to hear" believing he would then be released and permitted to return to work. *Id.* Lane argues that post-conviction counsel was aware of these facts but failed to raise this claim. *Id.*

The undersigned finds that Lane has failed to demonstrate cause and prejudice for his procedural default. The facts alleged by Lane do not support his claim that his confession was coerced. Counsel was not ineffective in failing to raise a meritless claim.

Accordingly, the undersigned recommends that Ground 5 be denied.

## V.  Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Lane has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no Certificate of Appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Petition of William O. Lane for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no Certificate of Appealability be issued.

The parties are advised they have until **July 23, 2019** to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

/s/Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of July, 2019.

14